**GLENN A. ZEITZ, ESQUIRE**
Attorney I.D.: 15930
38 Haddon Avenue
Haddonfield, New Jersey 08033
(856) 795-6660

Attorney for Defendant Steven Humes



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA | : |
|---|---|
| vs. | : Criminal No.: 06-85 |
| STEVEN HUMES | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO AMEND HIS DETENTION STATUS BASED ON A MATERIAL CHANGE OF CIRCUMSTANCES**

I.  **BRIEF PROCEDURAL AND FACTUAL HISTORY**

On July 18, 2006, United States Chief District Court Judge Sue L. Robinson conducted a bail hearing and a preliminary hearing in this matter. Steven Humes was represented by Assistant Federal Public Defender Christopher S. Koyste. Assistant United States Attorney Douglass McCann appeared on behalf of the Government. Neither the Government nor Mr. Koyste presented any testimony and instead relied on "proffers" and argument. At the conclusion of the bail hearing, Chief Judge Robinson issued a Detention Order under Case No. 06-83M-MPT finding that "[t]here is a serious risk that the defendant

will not appear" and that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community"; a copy of the Order is attached hereto as Exhibit A. Chief Judge Robinson did provide a written statement of reasons in support of the Order.

On July 20, 2006, our Office was retained to represent Mr. Humes in this matter. We subsequently retained the services of Dr. Elliot L. Atkins to conduct a forensic psychological evaluation of Mr. Humes. Based on his interview of Mr. Humes and Eileen Humes (defendant's wife), his review of various documents and information (including but not limited to Dr. Catherine Barber's report and the pre-trial services report) and the results of the Minnesota Multiphasic Personalty Inventory, Second Edition; Dr. Atkins concluded within a reasonable degree of psychological certainty that Mr. Humes "does not present as a danger to himself or others"; a copy of his report is attached hereto as Exhibit B (emphasis added).

In addition to demonstrating that Mr. Humes does not pose a threat to himself or any member of the community, we also intend to demonstrate that Mr. Humes is not a flight risk based in part on his perfect record of attending each hearing (including the 3 day trial and motion hearings) in his criminal matter currently pending appeal in Delaware State Court. Further, Dr. Atkins has concluded within a reasonable degree of psychological certainty that Mr. Humes does "present as a risk for flight". See Exhibit B.

II. **ARGUMENT**

   A. **The Detention Hearing Should Be Reopened To Permit Bail Because Mr. Humes Does Not Pose a Threat To "The Safety of the Community" and Because He Is Not a "Flight Risk".**

   18 U.S.C.A. §3145(b) provides that:

   **Review of a Detention Order.** – If a person is ordered detained by a magistrate judge, or by a person other than a judge having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. <u>The motion shall be determined promptly</u>.

(Emphasis Added). Similarly, Federal Rule of Criminal Procedure 46(h)(1) provides in relevant part that "[t]o eliminate unnecessary detention, the court must supervise the detention within the district of any defendants awaiting trial". 18 U.S.C.A. §3142(f)(2) provides in relevant part that:

   . . . The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Reopening the detention hearing in this case is statutorily appropriate because there is material evidence which was not previously presented to the Court but which is relevant in determining whether Mr. Humes is a flight risk and/or poses a threat to the safety of the community or to himself.

1. **The Safety of the Community.**

If released, Mr. Humes would not pose a threat to the safety of the community or himself. The Third Circuit has concluded that "the safety of the community" provision is not unqualified and is limited to preventing the specific harm to the community proscribed by four designated statutes (3 dealing with drugs and 1 dealing with using a firearm to commit a federal offense). United States v. Perry, 788 F.2d 100, 110-111 (3d Cir. 1986); see also, United States v. Himler, 797 F.2d 156, 160 (3d Cir. 1986) (pre-trial detention should not be considered except under carefully specified circumstances). Therefore, when the basis for detention is the safety of the community provision the Government must present clear-and-convincing evidence "that the defendant, will, if released, commit one of the proscribed federal offenses." Perry, 788 F.2d at 111.

In this case, both Dr. Barber and Dr. Atkins found that Mr. Humes "is not currently depressed or suicidal" and "is competent to proceed in the case against him". Both doctors agree that Mr. Humes does not pose a danger to himself. It is clear from Dr. Atkins' report that Mr. Humes is "all bark and no bite". Mr. Humes' communications which form the basis for the Indictment were not intended to threaten anyone but were merely a conduit and platform for him to vent his frustration with what he perceived to be a double standard in our criminal justice system. For example, his statement about making an armed citizen's arrest (which forms the basis for the kidnapping allegation in Counts 1 and 2 of Indictment No. 06-85) was pure "rhetoric" which was based on legal research conducted by him on the topic. Consequently, Mr. Humes' rhetoric does not reflect an intent to harm another person but merely reflects an untrained and unskilled person's misunderstanding and misapplication of complicated legal principles and ideas.

2. **Risk of Flight.**

If released, Mr. Humes would also not pose a risk of flight. The Third Circuit has concluded that the risk of flight provision must be measured with factors set forth in 18 U.S.C.A. §3142(g), "including the nature and circumstances of the offense charged, the weight of the evidence against the person, and the history and characteristics of the defendant." Himler, supra, 797 F.2d at 161. When the basis for detention is risk of flight the Government must present "a preponderance of evidence supporting the proposition that no condition or combination of conditions will reasonably assure the appearance of the defendant at trial." Id.

In this case, the Government must concede that when Mr. Humes was charged with a criminal offense in state court and not detained he appeared in court as required. See Himler, supra, 797 F.2d at 162 ("The defendant's prior record of appearing in court as required when released prior to trial is a factor in favor of his release now."). The Government has not presented any direct evidence to suggest that Mr. Humes would flee from prosecution in the future. See id. (comparing with United States v. Maull, 773 F.2d 1479 (8th Cir. 1985) (en banc) (defendant previously fled from prosecution, was found to have secreted a passport, and had contacts with persons living abroad who could aid his flight) and United States v. Vortis, 785 F.2d 327 (D.C. Cir. 1986) (defendant had a safe deposit box with 13 passports plus other forms of identification, was suspected leader of fraudulent identification and airline ticket ring, and was traveling to Liberia at time of arrest)). The mere opportunity for flight is not sufficient grounds for pre-trial detention. Id. (citation omitted).

B.  **The Detention Hearing Should Also Be Reopened Because the Detention Order Does Not Include "A Written Statement of the Reasons For the Detention" In Accordance With 18 U.S.C.A. §3142(i)(1).**

18 U.S.C.A. §3142(i)(1) provides that:

> In a detention order issued under subsection (e) of this section, the judicial officer shall –
>
> (1) include written findings of fact and a written statement of the reasons for the detention;

(Emphasis Added). In this case, it is clear that the Order of Detention Pending Trial filed on July 18, 2006 is facially deficient because "Part II – Written Statement of Reasons for Detention" is devoid of any written statement(s) supporting the detention of Mr. Humes. Further, Part II is also devoid of any such statement(s) identifying which standard of proof use to find that "[t]here is a serious risk that the defendant will not appear" and that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community". See Himler, supra, 797 F.2d at 161 and Perry, supra, 788 F.2d at 111. Because the explicit requirements of §3142(i) have not been followed, the detention hearing must be reopened.

### III. CONCLUSION

Defendant respectfully requests that his motion to amend his detention status based on a material change of circumstances be granted. Defendant also respectfully requests that the entire record concerning this motion be sealed.

Respectfully Submitted:

Dated: August 10, 2006

_____
**GLENN A. ZEITZ, ESQUIRE**
Attorney for Defendant Steven Humes

# EXHIBIT A

AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court

DISTRICT OF **DELAWARE**

UNITED STATES OF AMERICA

V.

STEVEN DAVID HUMES

_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 06-83M-MPT

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

FILED
JUL 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 7/18/06

_Signature of Judicial Officer_

Hon. Sue L. Robinson, U.S. District Judge

_Name and Title of Judicial Officer_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

# EXHIBIT B



LAW OFFICES
## GLENN A. ZEITZ

GLENN A. ZEITZ
CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CRIMINAL TRIAL ATTORNEY
AND
CERTIFIED AS A CRIMINAL
TRIAL ADVOCATE BY THE
NATIONAL BOARD OF TRIAL
ADVOCACY

JORDAN G. ZEITZ

MEMBERS OF NEW JERSEY
AND PENNSYLVANIA BAR

NEW JERSEY OFFICE
38 HADDON AVENUE
HADDONFIELD, NJ 08033
(856) 795-6660
FAX (856) 795-7660

PENNSYLVANIA OFFICE
ONE COMMERCE SQUARE
24TH FLOOR
PHILADELPHIA, PA 19103
(215) 569-0700

August 9, 2006

**VIA FACSIMILE (302) 573-6658 AND REGULAR MAIL**
United States District Court –
District of Delaware
Attn: John Selvaggi, Deputy Chief of Pretrial Services
844 North Kings Street
Lockbox 18
Wilmington, Delaware 19801

  RE: **U.S.A. v. Steven Humes**
     **Criminal No.: 06-85**

Dear Mr. Selvaggi:

  In accordance with the instructions my Office received from Pretrial Services, I am enclosing herewith a copy of a report from Dr. Elliot L. Atkins dated August 7, 2006 together with his Curriculum Vitae.

  It is my understanding that both Dr. Atkins' report and CV will be forwarded to United States Magistrate Judge Mary Pat Thynge <u>before</u> tomorrow's arraignment in this matter which is currently scheduled for 1:00 p.m. It is my further understanding that Dr. Atkins' report will remain confidential.

  Please be advised that we intend to rely on Dr. Atkins' report and in-person testimony in support of our Notice of Motion to Amend Defendant's Detention Status Based On A Material Change of Circumstances which we will be hand filing tomorrow.

              Very truly yours,

              GLENN A. ZEITZ

GAZ/jrr
Enclosure
cc: Steven Humes (w/encl. and via reg. mail only)

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              2116
CONNECTION TEL                13025736658
SUBADDRESS
CONNECTION ID
ST. TIME              08/09 10:41
USAGE T               11'47
PGS. SENT             18
RESULT                OK
```



**GLENN A. ZEITZ**
CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CRIMINAL TRIAL ATTORNEY
AND
CERTIFIED AS A CRIMINAL
TRIAL ADVOCATE BY THE
NATIONAL BOARD OF TRIAL
ADVOCACY

JORDAN G. ZEITZ

MEMBERS OF NEW JERSEY
AND PENNSYLVANIA BAR

LAW OFFICES
# GLENN A. ZEITZ



NEW JERSEY OFFICE
38 HADDON AVENUE
HADDONFIELD, NJ 08033
(856) 795-6660
FAX (856) 795-7660

PENNSYLVANIA OFFICE
ONE COMMERCE SQUARE
24TH FLOOR
PHILADELPHIA, PA 19103
(215) 569-0700

## FACSIMILE TRANSMISSION SHEET

ATTENTION: John Selvaggi, Deputy Chief of Pretrial Services
FAX NUMBER: 302-573-6658
FROM: GLENN A. ZEITZ
DATE: August 9, 2006
RE: USA v. Steven Humes
Total number of pages including a cover sheet:     18

Message:

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of Defendant's Memorandum of Law in Support of His Motion To Amend His Detention Status Based On A Material Change of Circumstances has been hand delivered to the following:

> Douglass McCann, A.U.S.A.
> United States Attorney's Office –
> District of Delaware
> P.O. Box 2046
> Wilmington, Delaware 19809

Dated: August 10, 2006

_____
GLENN A. ZEITZ, ESQUIRE
Attorney for Defendant Steven Humes