**GLENN A. ZEITZ, ESQUIRE**
Attorney I.D.: 15930
38 Haddon Avenue
Haddonfield, New Jersey 08033
(856) 795-6660

Attorney for Defendant Steven Humes

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____

UNITED STATES OF AMERICA      :
                                               :
                                             :
         vs.                       :   Criminal No.: 06-85 (SLR)
                                             :
                                           :
STEVEN HUMES              :
                                             :

_____

### <u>NOTICE OF OMNIBUS MOTION FILED ON BEHALF OF STEVEN HUMES</u>

TO:   Douglass McCann, A.U.S.A.
      United States Attorney's Office
      District of Delaware
      P.O. Box 2046
      Wilmington, Delaware 19809

PLEASE TAKE NOTICE that on a date to be set by the Court, at 10:00 A.M. in the

forenoon, or as soon thereafter as counsel may be heard, the defendant, STEVEN

HUMES, by and through his attorney, GLENN A. ZEITZ, ESQUIRE will move before the

Honorable Sue L. Robinson, at the United States Courthouse, Wilmington, Delaware, for

the following relief:

1.      An Order, pursuant to Rule 16 of the Federal Rule of Criminal Procedure, and consistent with the provisions of Brady v. Maryland, 373 U.S. 83 (1963), compelling the Government to disclose any and all exculpatory and/or favorable information within their exclusive control.

2.      An Order directing reasonable disclosure of "Jencks" material under 18 U.S.C.§ 3500.

3.      An Order requiring an audibility hearing, pursuant to United States v. Starks, 515 F.2d 112 (3d Cir. 1975) pertaining to any tape recorded conversations.

4.      An Order requiring a voluntariness hearing on the admissibility of any alleged statements of defendant, pursuant to 18 U.S.C. § 3501.

5.      An Order for a continuance of the trial date and an extension of time within which to file pre-trial motions, including a motion to dismiss the indictment upon review and receipt of all discovery.

6.      An Order requiring the Government to offer in advance of trial any material which it seeks to offer against the defendant which may be admissible, pursuant to Federal Rule of Evidence 404(b).

7.      An Order to allow defendant and/or an expert of defendant's choosing, to examine, photograph, test, and inspect all documents in the possession of the Government pertaining to this matter.

8.      An Order to compel the Government to disclose the identities of any confidential sources and informants.

9.    An Order pursuant to Federal Rule of Criminal Procedure 16(a)(I)(E) compelling the Government to provide to defendant information regarding expert witnesses it intends to use at trial.

10.    An Order requesting that the Court ask each prospective juror certain voir dire  questions.

Defendant, STEVEN HUMES, will rely upon oral argument together with the attached Memorandum of Law submitted herewith.

RESPECTFULLY SUBMITTED:


Dated: August 21, 2006                     /s/ Glenn A. Zeitz
                                      GLENN A. ZEITZ, ESQUIRE
                                      Attorney for Defendant Steven Humes

**GLENN A. ZEITZ, ESQUIRE**
Attorney I.D.: 15930
38 Haddon Avenue
Haddonfield, New Jersey 08033
(856) 795-6660

Attorney for Defendant Steven Humes

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____

UNITED STATES OF AMERICA     :
    :
    :
            vs.    :    Criminal No.: 06-85 (SLR)
    :
    :
STEVEN HUMES    :
    :
_____

### MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION

Defendant has been advised that motions in this matter are to be filed no later than

August 24, 2006.   The Government has furnished some discovery materials but not all

discovery in this matter.  The defendant requests the Court to provide the following relief:

1.    The Court should compel disclosure of all <u>Brady</u> material including relevant

discovery concerning any review, threat assessment, and rating criteria performed by the

United States Marshall Service Judicial Security Division, F.B.I., Delaware State Police, or

any other Governmental agency with regard to this matter.   Additionally, discovery is

requested concerning any routine or specifically scheduled Court Security Committee

meetings pertaining to this matter.

2.    The Court should direct reasonable disclosure of "Jencks" material not

already provided.

3.      The Court should require an audibility hearing to determine the authenticity and accuracy of any tapes the Government seeks to offer at trial.

4.      The Court should require a hearing to determine whether any statement, which the Government seeks to offer at trial, was made voluntarily.

5.      The Court should extend the time within which to file pre-trial motions and continue any trial date.

6.      The Court should require the Government to offer in advance of trial any material governed by Federal Rule of Evidence 404(b).

7.      The Court should allow defendant and/or an expert of defendants choosing to conduct an independent examination of all items relevant to this prosecution.

8.      The Court should order the disclosure of the confidential sources and informants since the source/informants were "active participants".

9.      The Court should direct the Government to provide information regarding expert witnesses.

10.     The Court should ask each prospective juror certain voir dire questions.

**POINT I**

**THIS COURT SHOULD COMPEL**
**DISCLOSURE OF ALL BRADY MATERIAL.**

It is now axiomatic that due process considerations require the Government to disclose evidence favorable to the accused or detrimental to the Government's case. Upon request, such information must be disclosed to the defense. Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the Supreme Court held that irrespective of good or bad faith, suppression by the prosecution of evidence favorable to a defendant who has requested it violates due process where such evidence is material to either guilt or punishment. The Brady holding imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence that is materially favorable to the accused, either as direct or impeaching evidence. Brady is not a rule of discovery; it is a rule of fairness and minimum prosecutorial obligation. United States v. Starusko, 729 F.2d 256, 262 (3d. Cir.1984); United States v. Beasley, 576 F.2d 626, 630 (5th Cir. 1978), cert. denied, 440 U.S. 947 (1979). Indeed, such a requirement is incorporated in the standard order for discovery and inspection for the United States District Court for the District of New Jersey. This requirement of candor by the sovereign includes any information which concerns a witness' credibility as well as matters cogent to the guilt or innocence of the accused. Napue v. Illinois, 360 U.S. 264 (1959); Giglio v. United States, 405 U.S. 150 (1972). As stated by the Supreme Court in Napue:

> The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that the defendant's life or liberty may depend.

360 U.S. at 269.  The Third Circuit Court of Appeals has further stated that "a prosecutor's failure to disclose immunity agreements may lead to subversion of defendant's due process rights." United States v. Pflaumer,  774 F.2d 1224, 1231 (3d Cir. 1985). Additionally, the Supreme Court has underscored that the Government's obligation "is not to convict, but to see that, so far as possible, truth emerges." Giles v. Maryland, 386 U.S. 66, 98 (1967) (Fortas, J., concurring in judgment).

In the instant case, defendant requests the following information:

a.    Any information, in any form, whatsoever, the existence of which is known, or by the exercise of due diligence may become known, to the Government bearing upon the credibility of any person whom the Government intends to call at trial, including but not limited to any prior criminal arrest or conviction, any pending criminal indictment or information, and any pending criminal or civil investigation relating to any activity of such person;

b.    Any and all evidence having to do with criminal conduct - local, state or federal - on the part of any person whom the prosecution intends to call as a witness at trial, or which the prosecution, its agents and representatives have become aware;

c.    Any and all promises, understandings or agreements, formal or informal, between the prosecution, its agents and representatives and persons (including counsel for such persons) whom the Government intends to call as witnesses at trial, together with copies of any and all documentation pertaining thereto.  This request includes, but is not limited to, such promises, understandings, or agreements as may have been made in connection with other cases or investigations;

d.    Any and all actions, promises, efforts or inducements - formal or informal - on the part of the Government, its agents and representatives to aid, assist or

obtain benefits of any kind, at any time for any person whom the Government considers a potential witness at trial;

e.      Any information tending to show that the defendant was unaware of the criminal nature of any actions defendant may have inadvertently taken;

f.      Any information tending to show the defendant was advised by anyone that defendant was engaged in lawful activity;

g.      Any information that would reasonably lead defendant to believe that defendant was engaged in lawful activity during tape-recorded conversations with others or while performing actions at the request of anyone else.

Finally, defendant seeks leave of the Court to enlarge these specific requests as discovery and investigation continues.

**POINT II**

**THE DEFENDANT REQUESTS THE COURT
TO REQUIRE THE GOVERNMENT TO MAKE AVAILABLE
TO THE DEFENSE EARLY DISCLOSURE OF JENCKS ACT
MATERIAL OF GOVERNMENT WITNESSES NOT ALREADY DISCLOSED.**

The Court, pursuant to its inherent supervisory power to control discovery, may order the Government to provide the defendant with the discovery in the nature of Jencks Act material, pursuant to 18 U.S.C. § 3500, prior to the testimony of the witness.

In order to expedite the trial and avoid unnecessary delays, the Court should exercise its discretion and order the Government to turn over any previously undisclosed "Jencks Act" material well in advance of trial. If this occurs, the defense will be fully prepared to commence its cross-examination immediately after the witness testifies, and if there is any disputed additional materials which need to be forwarded to the defense, then such questions relating to the arguable discovery matters can be decided without necessity of further trial interruption. At present the Government has not provided defendant's counsel "Jencks Act" material.

## POINT III

**THIS COURT SHOULD ORDER A "STARKS"  HEARING
TO DETERMINE THE ADMISSIBILITY OF ANY
TAPE-RECORDED STATEMENTS.**


Defendant requests a full evidentiary hearing as to the admissibility of any tapes

and/or transcripts that the Government may seek to introduce into evidence.

## POINT IV

### THIS COURT SHOULD REQUIRE AN
### EVIDENTIARY HEARING TO DETERMINE
### WHETHER DEFENDANT HAS MADE ANY STATEMENTS.

Defendant respectfully submits that defendant is entitled to and hereby requests an evidentiary hearing to determine whether any alleged statements are attributed to defendant and if so, whether same were made voluntarily.  18 U.S.C. § 3501 ("Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness.").

Additionally, counsel suggests that meaningful argument can only be offered after such a hearing has been conducted.  Defendant does not know if such statements exist and requests the Government to affirm or deny same.

## POINT V

## THIS COURT SHOULD ORDER A REASONABLE
## CONTINUANCE OF THE TRIAL DATE IN THIS CASE AND AN
## EXTENSION OF TIME WITHIN WHICH TO FILE PRE-TRIAL MOTIONS.

Numerous motions, based upon constitutional and statutory grounds, have and will be filed, some requiring evidentiary hearings.

Fundamental fairness to defendant may compel a reasonable continuance of the trial date once defendant is advised of same. Accordingly, defendant respectfully requests the right to request a continuance beyond the scheduled trial date should the interests of justice merit same. Defendant suggests that the Speedy Trial Act provides for a continuance under such circumstances, pursuant to Title 18, U.S.C. ¶¶ 3161(h)(8)(A) and (B).

## POINT VI

## THE GOVERNMENT SHOULD BE DIRECTED TO DISCLOSE IN ADVANCE OF TRIAL ALL EVIDENCE RELATING TO "OTHER CRIMES" AND "PRIOR" OR "SUBSEQUENT SIMILAR ACTS" THAT IT INTENDS TO USE AS PART OF ITS CASE-IN CHIEF.

The Government should be directed to disclose in advance of trial all evidence relating to other crimes,  prior and/or subsequent similar acts that it intends to use as part of its case-in chief.  In Dennis v. United States, the Supreme Court recognized that "disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." 384 U.S. 855, 870 (1966).  The Court further reasoned that "in our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact."  Id. at 873.

The reasoning behind the above standard is clear.  It would be manifestly unfair to enable a prosecutor to ambush the defendant with allegations of other wrongdoings, the factual basis of which the defendant had no opportunity to investigate and for which no affirmative defense can be prepared.  Indeed, in United States v. Jackson, the Fifth Circuit held that the surprise introduction of "prior and subsequent similar acts or evidence" during the trial required reversal of the conviction.  621 F.2d 216 (5th Cir. 1980).  The Jackson Court noted:  "Jackson's counsel asserts that he relied upon a pre-trial agreement [that no prior or subsequent similar act evidence was going to be offered] and therefore was not prepared to present evidence concerning transactions not charged in the indictment."  Id. at 220-21.  In reversing the conviction, the Court held that "[u]nder these circumstances the district judge's failure to balance the potential for prejudice against the reasons for the requested release constituted reversible error."  Id. at 221.  Therefore, it is imperative that the government be required to recognize the universally accepted discovery rules which

enable a defendant to have the fair trial he is entitled to.  In the words of Justice Traynor, quoted in <u>United States v. Baum</u>, 482 F.2d 1325, 1332 (2d Cir. 1973), "a defendant has hardly had a fair trial if he has been denied the opportunity to discover evidence or information crucial to his defense."  And as further mandated by <u>Baum</u>, the prosecutor has a duty to present its case against the defendant fairly in an effort to avoid any miscarriage of justice.  <u>Id.</u>

Further, Government disclosure to the defendant of "prior similar acts" is a natural concomitant of the mandate of Rules 403 and 404(b) of the Federal Rules of Evidence, [1] as noted in <u>United States v. Climatemp, Inc.</u>, 482 F. Supp. 376, 391 (N.D. Ill. 1979), <u>aff'd sub nom. w'out op. United States v. Reliable Sheet Metal Works, Inc.</u>, 705 F.2d 461 (7th Cir.), <u>cert. denied</u>, 103 S. Ct. 3116 (1983).  In <u>Climatemp</u>, in reliance on Rule 12(d)(2) of the Federal Rules of Criminal Procedure, the Court held that the Government was required, upon request from the defendant, to disclose the "other crimes" evidence which it intended to use in its case-in-chief at trial.  <u>Id.</u>

---

[1]

Rule 404 (b) provides:

> Other crimes, wrongs, or acts.-- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution shall provide reasonable notice in advance of trial.

Despite the possible relevance of certain evidence, Rule 402 of the Federal Rules of Evidence nevertheless cautions against the admission of otherwise relevant evidence if:

> its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of  cumulative evidence.

In addition, requiring the Government to alert defense counsel to any intended use of "other crimes" or similar act evidence prior to trial would minimize any improper prejudicial effect of this evidence by permitting careful scrutiny of the evidence in advance of trial. As the Second Circuit noted: "caution and judgment are called for, and a trial judge faced with any other crimes evidence problem should require the Government to explain why the evidence is relevant and necessary." United States v. O'Connor, 580 F.2d 38, 43 (2d Cir. 1978); see also, United States v. Fearns, 501 F.2d 486, 490 (7th Cir. 1974) (It is prudent for District Court to hear  witness initially out of presence of jury to ensure proof will be offered to all elements of prior offenses sought proved.). The Third Circuit has long recognized that a defendant must be protected from "guilt by reputation" and from "unnecessary prejudice." United States v. Cook, 538 F.2d 1000, 1003 (3d Cir. 1976).

Implicit in case law regarding pre-trial discovery by a defendant of "other crimes" and "similar acts" evidence is the requirement that a defendant be afforded a fair opportunity to discover prosecution evidence in order to avoid any prejudicial "ambush" or surprise and to preserve the interests of justice. Accordingly, defendant is entitled, sufficiently in advance of trial, to be provided with any "similar acts" or "other crime" evidence which the Government intends to offer as part of its case-in-chief. Manifestly, the Government should also be required to give fair notice that such evidence will be used.

## POINT VII

## THE COURT SHOULD ALLOW DEFENDANT AND/OR AN EXPERT OF DEFENDANT'S CHOOSING TO INDEPENDENTLY EXAMINE ALL EVIDENCE.

On diverse dates Government agents obtained certain items and documents which form the basis for the within prosecution.  Defendant, in order to properly prepare for trial requests and requires his independent experts to inspect, analyze, and photograph this tangible evidence.  In order that defendant's experts may provide him with their expert opinion defendant requests and requires:

1.     That the Government supply to defendant's counsel with copies of all search warrants, inventories, affidavits, reports, etc. within ten (10) days;

2.     That the Government supply defendant's counsel with any written statements made by the defendant and/or the substance or any oral statements made by defendant within ten (10) days;

3.     That the Government supply defendant's counsel with copies of written expert opinions and/or the substance of oral expert opinions relating to the issues of any tangible evidence seized.  With respect to any expert, who will testify, a resume for each expert shall be similarly provided; and

4.     That the Government allow defendant's experts to examine, test, photograph, and inspect all items seized.

5.     That the Government disclose all Brady material including relevant discovery concerning any review, threat assessment, and rating criteria performed by the United States Marshal Service Judicial Security Division, F.B.I., Delaware State Police, or any other Governmental agency with regard to this matter; and any routine or specifically scheduled Court Security Committee meetings pertaining to this matter

### POINT VIII

**THE COURT SHOULD ORDER THE DISCLOSURE OF THE
IDENTITIES OF ANY CONFIDENTIAL SOURCES AND INFORMANTS.**

In certain circumstances, there must be disclosure of the name of an informant whose information is relied upon by the police for probable cause in the conduct of a search and/or arrest.  The Supreme Court of New Jersey, for example, has drawn a distinction between the position of a defendant who seek disclosure for the purposes of suppression of evidence and one who needs it in relation to proof of the issue of guilt of the crime being prosecuted.  State v. Burnett, 42 N.J. 377 (1964).  When it appears from the evidence that the informer is a material witness on the issue of guilt and the accused seeks disclosure on cross-examination, the State must disclose his identity.  State v. Oliver, 92 N.J. Super. 228, 235 (App. Div. 1966).  The need for a truthful verdict outweighs society's need for the informer privilege.  Burnett, 42 N.J. at 386.

Oliver, supra., involved the refusal to grant a motion for disclosure of an informant's identity.  There, the informant was present at three of four encounters which indicated that bookmaking activities were taking place.  The informant was an eyewitness on these occasions to the defendant's activities which were the crux of the State's case against him.  The informant was only one of the three people (defendant, State trooper, and informer) who could testify from personal knowledge as to what the defendant was doing on those occasions.  The Court held that the identity of an informant can be withheld without denying a defendant a fair trial only where the informer's role is confined to informing authorities of illegal activities.  But there is a difference when there are incident of actual observation by the informant concerning the particular acts of the defendant which form the foundation of the accusation at trial.  A defendant is entitled to disclosure if there is no

other way to ascertain his identity, and there is a clear showing that the informant's knowledge concerning critical events may be of material significance on the question of defendant's guilt.  Moreover, the possibility that an informant's testimony may weaken, if not contradict, that of a State's witness on any substantial issue in connection with defendant's guilt is sufficient to warrant granting a Motion for Disclosure.  Id. at 231-238.

Therefore, "[w]here disclosure of an informant's identity . . . is relevant and helpful to the defense of an accused, or is essential to the fair determination of cause, the privilege must give way."  Roviaro v. United States, 353 U.S. 53, 60-61 (1957).  Thereafter, the decision to call the informer as witness, or at least interview him in preparation for trial is for the accused not the Government.  Id. at 64.  If the facts warrant, the State must reveal the identity of the informant, or else the police officer's testimony must be stricken or disallowed.  Oliver at 241.  It is important to note that an informant need not be a "professional" informant in order to fall into this category.  Id. at 240.  Accordingly, it is enough that he actively participated in bringing about the act.  In such a situation he is a material witness on the issue of defendant's guilt, for he is an actual participant of the crime for which the defendant is being charged.  State v. Roundtree, 118 N.J. Super. 22, 31 (App. Div. 1971); see also State v. Infante, 116 N.J. Super. 252, 257 (App. Div. 1971).  If disclosure is not met, prejudicial error results and reversal is required.  Equally important in this matter is the fact that the participation of the informant is relevant to the issue of credibility and also on the question of possible entrapment.  Roundtree, 118 N.J. Super. at 30.  Further, under Brady v. Maryland, 373 U.S. 83 (1963), it is the obligation of the State to produce any information which may be exculpatory in nature.

## POINT IX

## THE COURT SHOULD ORDER DISCLOSURE OF THE GOVERNMENT'S EXPERT WITNESSES.

The defendant believes and therefore avers that the Government intends to call certain expert witnesses during its case in chief at trial. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the Government is required to provide the defendant with a written summary of testimony it intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence during its case in chief. This summary must describe the witnesses' opinions, the bases and reasons therefore and the witnesses' qualifications.

Federal Rule of Criminal Procedure 16(a)(1)(E) provides:

> At the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications.

With regard to this Rule, the Notes of the Advisory Committee state:

> New subdivisions (a)(1)(E) and (d)(1)(C) expand federal criminal discovery by requiring the disclosure of the intent to rely on expert testimony, what the testimony will consist of, and the bases of the testimony. The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.

The Advisory Committee further notes that "[w]ith increased use of both scientific and non-scientific expert testimony, one of counsel's most basic discovery needs is to learn that an expert is expected to testify."(citations omitted). The Advisory Committee Notes further make clear that the amendment includes both scientific and non-scientific experts.

Permitting early disclosure of expert witnesses, opinions and qualifications will allow defendant to fully prepare his defense, allow for speedier discovery and serve the best interests of all parties involved.

## POINT X

## THE COURT SHOULD SUPPLEMENT STANDARD VOIR DIRE QUESTIONING.

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, defendant respectfully moves this Honorable Court to examine each prospective juror individually and in the presence of each other by asking certain questions to be provided by counsel. Counsel for the accused respectfully reserves the right to request additional jury questions depending on the responses of the prospective jurors' voir dire.

Defendant requests that the Court ask each prospective juror the supplemental questions in addition to the Court's standard voir dire. Rule 24(a) of the Federal Rules of Criminal Procedure gives trial courts discretion in deciding the scope and method of jury voir dire. United States v. Magana-Arevalo, 639 F.2d 226 (5th Cir. 1981). However, the court has the duty to ensure that a defendant receives a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and to neutralize the effect of any known prejudice. Turner v. Louisiana, 379 U.S. 466 (1964); Irvin v. Dowd, 366 U.S. 717 (1961); United States v. Poludniak, 657 F.2d 945 (8th Cir. 1981), cert. denied, 455 U.S. 940 (1982). Because this case involves alleged threats to the Judiciary and members of law enforcement, the individual questioning of prospective jurors rather than a collective examination would more adequately determine whether veniremen would lay aside their opinions or impressions and render a verdict based upon courtroom evidence alone. United States v. Poludniak, 657 F.2d (8th Cir. 1981), cert. denied, 455 U.S. 940 (1982). McCorquodale v. Balkcom, 705 F.2d 1553 (11th Cir. 1983).

Besides ensuring that voir dire meets constitutional standards, a separate interrogation of each prospective juror will facilitate counsel's intelligent use of peremptory challenges pursuant to Rule 24(b) of the Federal Rules of Criminal Procedure. Peremptory

challenges remain one of the most important rights of the accused. <u>Swain v. Alabama</u>, 380 U.S. 202 (1965); <u>United States v. Blanton</u>, 700 F.2d 298 (6th Cir. 1983); <u>United States v. Johnson</u>, 584 F.2d 148 (6th Cir. 1978), cert. denied, 440 U.S. 918 (1979). "Voir dire is essential in permitting the intelligent use of peremptory challenges, and the impairment of the peremptory challenge right is reversible error without a showing of prejudice." <u>Blanton</u>, 700 F.2d at 308. In view of the insurance issues involved in the above-captioned case, and further, in view of the anticipated length of trial, individual questioning of prospective jurors would permit counsel to make individualized judgments regarding peremptory challenges and would thus minimize the possibility of impairing the peremptory challenge right. <u>See</u> <u>United States v. Starks</u>, 515 F.2d 112 (3rd Cir. 1975).

Moreover, the United States Court of Appeals for the Sixth Circuit held in <u>United States v. Hill</u>, 738 F.2d 152 (6th Cir. 1984), that when a defendant requests and District Court refuses to ask the venire whether they could accord the defendant the presumption of innocence, and thereby hold the Government to a burden of proving guilt beyond a reasonable doubt, that reversible error is committed by the District Court which requires a new trial. The Court of Appeals in <u>Hill</u> reasoned that "the primary purpose of the voir dire of jurors is to make possible the empaneling of an impartial jury through questions that permit the intelligent exercise of challenges by counsel." <u>Id.</u> at 154.

Furthermore, the Court of Appeals in <u>Hill</u> stated that the peremptory challenge is a fundamental part of a criminal trial because

> A negative or hesitant answer from any prospective juror would surely have produced a defense challenge and, if the judge did not excuse the prospective juror, the exercise of a peremptory challenge by defense counsel.

Id. at 154.   The Court concluded that since challenges for cause and peremptory challenges are a fundamental part of a criminal trial, the failure of the District Court to ask the venire whether they could accord the defendant the presumption of innocence and hold the Government to a burden of proof beyond a reasonable doubt, requires reversal without a showing of prejudice.

For the foregoing reasons the defendant respectfully moves this Honorable Court to question the prospective jurors individually while in the presence of each other during the voir dire examination in the above-captioned case by asking said jurors the supplemental questions of counsel as a supplement to the Court's voir dire examination.

RESPECTFULLY SUBMITTED:


Dated: August 21, 2006                          /s/ Glenn A. Zeitz
                                            GLENN A. ZEITZ, ESQUIRE
                                            Attorney for Defendant Steven Humes

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of Defendant's Memorandum of Law in Support of Omnibus Motion has been sent electronically and via first-class United States Mail to the following:

> Douglass McCann, A.U.S.A.
> United States Attorney's Office
> District of Delaware
> P.O. Box 2046
> Wilmington, Delaware 19809

Dated: August 21, 2006                         /s/ Glenn A. Zeitz
_____
GLENN A. ZEITZ, ESQUIRE
Attorney for Defendant Steven Humes