IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-85-SLR |
| ) | |
| STEVEN HUMES, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS INDICTMENT**

### I.   STATEMENT OF FACTS

In summary, Defendant Steven Humes (Humes) ran a computer repair store. A chiropractor gave Humes a failed hard drive and asked him to recover the data. Humes worked on the hard drive then returned it and asked for payment. The chiropractor gave Humes a check, but then stopped payment, claiming that the work was not satisfactory. Humes apparently concluded that the chiropractor's refusal to pay meant that the hard drive and the information thereon was now his. He then began sending emails to people whose addresses he obtained from the hard drive, making claims about the chiropractor.

The chiropractor complained to the Delaware State Police (DSP). A DSP Trooper conducted an investigation and a Deputy Attorney General for the State of Delaware (the DAG) prosecuted the crime before a Judge of the Court of Common Pleas for the State of Delaware (the CCP Judge). Humes was convicted at trial. He then demanded of the FBI that it investigate and arrest the chiropractor, claiming that the chiropractor's hard drive contained illegally downloaded music.

Further, Humes contended that the CCP Judge, the DAG, the DSP Trooper, and others had conspired to deny him a fair trial. Humes also wanted these persons investigated and arrested. The FBI refused Humes' demands.

Humes then instituted a lawsuit in the U.S. District Court for the District of Delaware, suing both Delaware and the Federal Bureau of Investigation (FBI). He sued the FBI because it failed to arrest the aforementioned persons at his request. On May 30, 2006, the FBI, represented by the U.S. Attorney's Office for the District of Delaware, moved to dismiss. On or about July 10, 2006, Humes filed a responsive brief. He filed his paper by hand at the Clerk's Office; however, he mailed service copies to the United States Attorney's Office and the Attorney General for Delaware. In his nine page *pro se* brief Humes asserted that he is innocent of the crime for which he was convicted and wrote, "that he was convicted because [the CCP Judge] insured that he was not able to present a defense." Humes blamed the CCP Judge for not subpoenaing his witnesses and wrote that his case "screams for federal intervention." He claimed that the CCP Judge was "without judicial integrity," and that he was the victim of "prosecutorial misconduct" and a continuing "cover up." The Brief continued, in part, as follows:

> I will not allow any organization to crap all over the constitution and call me criminal because they don't have the decency, the humanity to respect the written laws. ... The authorities in the State of Delaware are unconscionable, without morals, and lack the integrity to enforce their own laws.
>
> \* \* \*
>
> If the F.B.I. or responsible authorities do not perform their duty to investigate and then arrest these individuals then I will. The constitution is clear that I have a right to protection of the laws and the right to self arrest if necessary. If this court and the Federal authorities allow justice to be delivered to whom they wish to protect based on their argument; **then please tell them to stand aside and watch me deliver my own justice in accord with the laws and constitution as if it were 1899.** I will proceed under protection of the laws

and the constitution and make these arrests myself and any attempt to stop me will be a felony and against my constitutional rights (emphasis added).

Humes ended his brief with the assertion that the referenced Delaware authorities were responsible for violations of "trial fixing, obstruction of justice, jury tampering, witness intimidation, [and] official misconduct." The brief was signed by Humes and dated July 10, 2006.

Attached to the Brief is a two-page letter to the Attorney General of the United States. In that letter, Humes stated that he was convicted "at a rigged trial," and wrote, "I am left with no other alternative than to enforce these laws myself." Stating his intent to arrest the CCP Judge, the DSP Trooper, the DAG, and others Humes went on to say:

> It is my position that the arrests as detailed in the attached "Sworn Statements" are going to occur and that these prosecutions will also occur. **I intend to carry them out myself if the authorities refuse.** The constitution supports an individual's right to perform arrests and to the protections of the laws, to self prosecute if necessary. If the State or Federal authorities do not bring these charges, or at least bring them before a grand jury, and then perform these arrests within 15 days of receipt of this letter, **I will immediately precede in an armed and legal way to make these arrests myself, just like in the early 1900s, when guns were necessary to enforce equal justice.**

\* \* \*

> As crazy as this all sounds, my actions are not unjustified or suicide by the police. They are the result of thoughtful consideration. If the authorities are allowed to pick and choose what laws to enforce, what alleged crimes to investigate, and what people to protect, then no American without political influence or monetary power is backed by the constitution or protected by the laws. Without the constitution to protect our liberties and rights then we are not really Americans. **If I am to sacrifice myself, possibly my life,** then it should be called what it truly is. I am defending the constitution and its true meaning of liberty and justice for all. (emphasis added).

Humes also attached a "Notice to Authorities" which stated in part:

3

> The charges sworn to in my affidavits stand as arrest warrants against the individuals they name. I cannot force you to perform your duties and investigate the crimes committed against me, but I can exercise my constitutional rights.
>
> * * *
>
> ** THE FIRST ARREST [OF ME] WAS A FALSE ARREST. ANY ATTEMPT AT A SECOND WILL BE AN ARMED ASSAULT AND I WILL DEFEND MYSELF WITH EVERYTHING I HAVE. **
>
> The attempted harassment by the Delaware courts sending armed Capitol Police to my house to intimidate me will not be tolerated.
>
> ** ANY FURTHER ATTEMPTS TO THREATEN, HARASS, OR INTIMIDATE ME BY ARMED PEOPLE WILL BE MET WITH AN APPROPRIATE RESPONSE. **
>
> I have no intention of backing down from my constitutional rights and the evidence to support my claims is undeniable! My constitutional rights allow me to carry arms, to the protections of the written laws, and to defend myself.
>
> The only way this matter will be resolved is through the enforcement of the laws either by you, or by me. You will both do your jobs and defend the written laws fairly or I will do it for you.
>
> It's not true "THAT YOU CAN'T FIGHT CITY HALL". **You simply need to be willing to die to do so.** (emphasis in bold added).

Humes' then attached to his papers his sworn affidavit, witnessed by a notary public, in which he charged the CCP Judge, the DSP Trooper, the DAG and others with violations including 11 Del. Code Section 1211, Official Misconduct, and Section 512, Conspiracy.

Finally, Humes attached to his brief a three page article titled <u>Citizen's Arrest</u>, copyright 1994. The article is limited to addressing a "shocking new trend" of "vigilante behavior" in cases of "petty street crime."

## II. ARGUMENT

### a. The Sufficiency of the evidence

Humes' motion to dismiss does not allege that the Indictment[1] fails to charge all elements of the offense; he challenges only the sufficiency of the evidence. In *United States v. DeLaurentis*, 230 F.3d 659 (3d Cir. 2000), the Third Circuit held that such motions cannot be granted prior to trial:

> Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges. *See United States v. Sampson*, 371 U.S. 75, 78-79 (1962).
>
> In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.

*Id.* at 661 (citations partially omitted).

Thus, Humes' pretrial motion to dismiss the Indictment for insufficiency of evidence must be denied.

---

[1] The Indictment charges two counts of mailing a threatening communication, in violation of 18 United States Code, Section 876. Count I reads, in relevant part, as follows:

> On or about July 10, 2006, in the State and District of Delaware, STEVEN DAVID HUMES, defendant herein, did knowingly deposit with the United Sates Postal Service, and caused to be delivered by the United States Postal Service, a communication addressed to another person, to wit, [an employee of the Attorney General's Office for the State of Delaware] containing a threat to kidnap persons, to wit,...and a threat to injure persons, to wit, . . . .

The second count is virtually identical to the first, except that it alleges a mailing to the United States Attorney's Office.

### b. The Privilege for Statements Made in Litigation

In the opening line of his second argument the defendant states that he is protected "from liability" for his statements made in his relevant pleading. The word "liability" relates to civil, not criminal, actions, and the three cases cited by the defendant, all civil cases, have no applicability beyond defamation actions. *See Silver v. Mendel*, 894 F.2d 598, 603, n.8 (3d Cir. 1990) (in case involving interference with contract, the court would not express an opinion as to whether the litigation protection extended beyond defamation actions); *Barker v. Huang*, 610 A.2d 1341, 1345 (Del. Supr. 1992) ("The absolute privilege is a common law rule ... that protects from actions of defamation statements of ... parties ... offered in the course of judicial proceedings. . . ."); *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. 1983) ("The common law rule protecting statements of ... parties ... offered in the course of judicial proceedings from a cause of action in defamation is well-recognized in this jurisdiction.").

In summary, the privilege for statements made in litigation has no applicability to the defendant's indictment. Even if there did exist such applicability, the affirmative defense could not be raised in a pretrial motion to dismiss the indictment and could only be raised at trial.

### III. CONCLUSION

The defendant's pretrial motion to dismiss the indictment must be denied.

COLM F. CONNOLLY
United States Attorney

By: /s/
Edmond Falgowski
Assistant United States Attorney

Dated: 9-28-06

## CERTIFICATE OF SERVICE

I, Sharon L. Bernardo, an employee with the United States Attorney's Office, hereby certify that on September 28, 2006, I electronically filed the foregoing:

## GOVERNMENT'S OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

> Glenn A. Zeitz, Esquire
> 38 Haddon Avenue
> Haddonfield, NJ  08033
> glennz@jersey.net, JGZ215@aol.com


*/s/ Sharon L. Bernardo*