

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building                                                       (302) 573-6277
1007 Orange Street, Suite 700                                    FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

November 6, 2006

Honorable Sue L. Robinson
Chief Judge
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware   19801

    Re:  **United States v. Steven Humes**
          <u>**Criminal Action No. 06-85-SLR**</u>

Dear Chief Judge Robinson:

    The defendant is prepared to waive indictment and enter a guilty plea pursuant to the enclosed Memorandum of Plea Agreement, Waiver of Indictment, and Information. The defendant is prepared to enter the guilty plea on November 20, 2006, at 9:00 a.m.

                                            Respectfully submitted,

                                            COLM F. CONNOLLY
                                            United States Attorney

                                        By: _____
                                            Edmond Falgowski
                                            Assistant United States Attorney

pc:   Glenn A. Zeitz, Esquire (w/ Encs.)

EF:slb
Enclosures

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-85-SLR |
| | ) | |
| STEVEN DAVID HUMES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and Glenn A. Zeitz, Esquire, attorney for the Defendant, Steven David Humes, the following agreement is hereby entered into by the respective parties:

1. The Defendant agrees to waive indictment and plead guilty to a one count Information, which charges the Defendant with mailing a threatening communication, in violation of Title 18, United States Code, Section 876(c). The essential elements of the offense are: (i) the Defendant knowingly mailed through the Postal Service; (ii) a communication addressed to another person; and (iii) the communication was made under such circumstances that a reasonable person hearing or reading the statement or receiving the communication would understand it as a serious expression of intent to inflict injury. The maximum penalties are five years imprisonment, a $250,000.00 fine, three years of

supervised, and a $100.00 special assessment. The United States agrees at sentencing to move to dismiss the Indictment.

2. The United States and the Defendant stipulate that Section 2A6.1 (Harassing Communications), and not Section 2B3.2 (Extortion by Threat) of the 2005 edition of the Guidelines Manual, applies for sentencing purposes. The United States further agrees not to seek the six level enhancement for conduct evidencing an intent to carry out the threat under Section 2A6.1(b)(1).

3. The United States and the Defendant stipulate that a downward departure is applicable for diminished capacity, U.S.S.G. § 5K2.13.

4. The parties acknowledge that at the time of sentencing the Defendant may argue for a downward adjustment in the base offense level under § 2A6.1, and may further argue for the applicability of a downward departure on grounds additional to diminished capacity, to include the Defendant's post-offense rehabilitative efforts and the Defendant's mistake as to law. The parties further acknowledge that at the time of sentencing the Government may oppose these arguments.

5. The United States acknowledges the Defendant enters his guilty plea with the understanding that the Attorney General's Office for State of Delaware agrees, in return for such plea, to not seek to prosecute the Defendant, or violate any probation, for statements he made in any of his pleadings which he filed in the District Court for the District of Delaware, in Civil No. 06-59-SLR.

6. The Defendant acknowledges that he is satisfied with the legal representation provided by his attorney; that he has fully discussed with his attorney the plea agreement; and that he is entering a guilty plea because the Defendant admits that he is guilty.

7. Provided that the United States does not learn, after the Defendant's entry of his guilty plea, of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees to

recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The United States makes this recommendation because the Defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

8. The parties acknowledge that at the time of this plea agreement they estimate the Defendant will be a guideline offense level 10 prior to any motion for downward departure. The estimated offense level is calculated as follows:

| | | |
|---|---|---|
| 2A6.1(a)(1) | Base Offense Level | 12 |
| 3E1.1 | Acceptance of Responsibility | - 2 |
| | Total: | 10 |

9. The Defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant understands that he will not be allowed to withdraw his guilty plea if the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

10. The Defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all

3

promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

COLM F. CONNOLLY<br>
United States Attorney

| | |
|---|---|
| _____ | By: _____ |
| Glenn Zeitz, Esquire | Edmond Falgowski |
| Attorney for Defendant | Assistant United States Attorney |

_____
Steven David Humes
Defendant

Dated:

**AND NOW** this \_\_\_\_\_ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____<br>
HONORABLE SUE L. ROBINSON<br>
Chief Judge<br>
United States District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-85-SLR |
| ) | |
| STEVEN DAVID HUMES, ) | |
| ) | |
| Defendant. ) | |

## INFORMATION

The United States Attorney for the District of Delaware charges that:

### Count I

On or about July 10, 2006 in the State and District of Delaware, Steven David Humes, defendant herein, did knowingly deposit with the United States Postal Service, and caused to be delivered by the United States Postal Service, a communication addressed to another person, to wit, S.B., containing a threat to injure persons, to wit, A.S., S.M., T.L., S.J., and J.O., in violation of Title 18, United States Code, Section 876(c)

COLM F. CONNOLLY
United States Attorney

By:_____
Edmond Falgowski
Assistant United States Attorney

Dated:

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Criminal Action No. 06-85-SLR |
| STEVEN DAVID HUMES, | ) ) |
| Defendant. | ) ) |

**WAIVER OF INDICTMENT**

1. I, __Steven David Humes__, the above named defendant, who is accused of violating __18 USC § 876(c)   (Mailing a Threatening Communication)__, being advised of the nature of the charge and of his rights, hereby knowingly, voluntarily and intelligently waives prosecution by Indictment and consents that the proceeding may be by information instead of by Indictment.

2. The defendant understands that (a) unless he waives Indictment, he could not be charged with these offenses unless the Grand Jury found probable cause to believe he committed the offenses and returned an Indictment; (b) the Grand Jury is composed of at least sixteen, but not more than twenty-three lay persons, and at least twelve of those Grand Jurors must find probable cause to believe that the defendant committed these offenses before an Indictment could be returned; and (c) by waiving Indictment, the Government will be proceeding by a document written by the United States Attorney and called an Information and the defendant will be prosecuted on that Information, rather than on an Indictment.

3. The defendant has read and reviewed with his counsel the charge in the Information, and is satisfied that his counsel has properly explained the charges and this Waiver to him.

4. No one has made the defendant any promises or threatened or forced the defendant to waive Indictment.

_____
Defendant

_____
Counsel for Defendant

Date: